KENNETH C. KIEHL AND LOIS T. KIEHL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kiehl v. Commissioner
Docket No. 29251-83.
United States Tax Court
T.C. Memo 1986-54; 1986 Tax Ct. Memo LEXIS 553; 51 T.C.M. (CCH) 423; T.C.M. (RIA) 86054; February 6, 1986. *553 B. Gray Gibbs, for the petitioners. Avery B. Cousins, III, for the respondent. PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge:* In his statutory notice of deficiency the Commissioner determined a deficiency of $7,890.71 in petitioners' Federal income tax for the taxable year 1980. During settlement negotiations petitioners learned of respondent's intention to increase the deficiency. Petitioners moved for entry of decision in the amount determined in the notice. The Court granted the motion ex parte. Respondent's subsequent motions to vacate and for leave to amend his answer were granted. By amended answer the determined deficiency was increased to $9,988.71, to take into account self-employment tax omitted from the notice of deficiency. The parties have stipulated that the amount of the increased deficiency is correctly calculated. The only issue for decision is whether the Court properly vacated its decision and permitted respondent to amend his answer. FINDINGS OF FACT This case was fully stipulated and submitted under Rule 122, *554 [1] after oral argument. The facts and accompanying exhibits are so found and incorporated herein by this reference. At the time of filing petitioners, who are husband and wife, resided in Sarasota, Florida. The procedural history of this case is unusual. A statutory notice of deficiency was mailed to petitioners by the District Director of the Internal Revenue Service, Jacksonville, Florida, on July 13, 1983, determining a deficiency in Federal income tax of $7,890.71. The deficiency arose from the disallowance of petitioners' losses in several partnerships. Petitioners timely filed a petition on October 13, 1983, and respondent timely answered on December 12, 1983. In accordance with section 601.106(a)(1)(i), Statement of Procedural Rules, [2] the case was then referred to the appeals office of the IRS to attempt an out of court settlement. The regulation provides that where a statutory notice is issued by a District Director, "[a]fter the filing of a petition in the Tax *555 Court the Appeals office will have exclusive settlement jurisdiction * * * for a period of 4 months * * * over cases docketed in the Tax Court." While the case was in the jurisdiction of respondent's appeals office, the appeals officer discovered that the statutory notice of deficiency computation had failed to include self-employment tax in the amount of $2,098. On March 26, 1984 he mailed proposed settlement documents to the petitioners for execution reflecting a deficiency of $9,998.71. Petitioners objected to the increased deficiency. On July 5, 1984, petitioners filed a motion for entry of decision in the amount of $7,890.71. A copy was served on respondent. On July 13, 1984, the Court granted the motion, ex parte, finding that a deficiency of $7,890.71 in income taxes was due from petitioners for 1980. The record does not show whether jurisdiction had actually transferred from the appeals office to District Counsel when the decision was entered. In any event, entry of the decision apparently caught respondent's counsel by surprise. On August 1, 1984, respondent *556 filed his motion to vacate decision, stating the following reasons: (5) Respondent believes that it was petitioners' intent in filing their Consent to Entry of Decision with the Court to close out this matter without the parties agreeing to all the issues now present in the case, and without executing decision documents. (6) This belief is based on the fact that respondent's Appeals Office had recently informed petitioners that, due to clerical error, respondent's original notice of deficiency had failed to include in its computation the self-employment tax in the amount of $2,098.00, as shown on petitioners' 1980 Form 1040, and that any resolution of the above-entitled case would have to take this additional deficiency amount into consideration. (7) Respondent further informed petitioners that if petitioners did not now concur with the applicability of the $2,098 self-employment tax, respondent would file an amended answer with the Court setting forth its increased deficiency determination. (8) Petitioners then filed their Motion for Entry of Decision without first notifying respondent that they were filing said motion. (9) If this motion is granted, respondent will file *557 a Motion for Leave to File Amendment to Answer and concurrently lodge its Amendment to Answer, asserting an increased deficiency amount based solely on the $2,098.00 self-employment tax. Petitioners filed a response on August 6, 1984 and requested oral argument. The substance of their argument is that respondent had several months to amend his answer but failed to do so, and should not be allowed to do so after a decision has been entered. On August 16, 1984 the Court granted respondent's motion to vacate decision and restored the case to the general docket for trial. Respondent duly filed his motion for leave to file amendment to answer on September 13, 1984, petitioners filed a response on September 17, 1984 and the Court granted respondent's motion September 17, 1984. Respondent's motion for leave to file amendment to answer, to which petitioners take exception, presented the following arguments: (1) This case is not presently calendared for trial. (2) The purpose of the proposed amendment to respondent's answer is to assert the applicable self-employment tax which was not included in the notice of deficiency. (3) The trial of this case will not be delayed since petitioners *558 will have ample opportunity to address this increased deficiency adjustment prior to trial. (4) Petitioners' counsel has already been advised by respondent of all the grounds upon which respondent will rely to sustain his determination in this case. On October 1, 1984 petitioners moved for reconsideration. On October 5, 1984 the case was calendared for trial December 10, 1984.Petitioners' motion for reconsideration was denied October 9, 1984. The parties have agreed that the correct deficiency is either $7,890.71 or $9,998.71, depending solely upon whether respondent's motion to amend was properly granted. OPINION Petitioners argue that the Court abused its discretion in vacating its decision and permitting respondent to amend his answer. They cite respondent's "inexcusable inaction" in failing to amend his answer before the decision was entered. Respondent contends that petitioners knew of respondent's intention to assert an increased deficiency, and filed their motion for entry of decision without prior warning.Respondent implies that petitioners tried to achieve by surprise a result they would not be able to achieve if all the facts were before the Court. Respondent's *559 error was discovered while the case was under the jurisdiction of his appeals office. The appeals officer called the error to petitioners' attention and expressed an intent to assert an increased deficiency. Proposed settlement documents were mailed to petitioners, who objected. Approximately three months later petitioners filed their motion for entry of decision. Respondent could have (and perhaps should have) attempted to amend his answer during that period, but did not. This fact, standing alone, however, does not show bad faith or dilatory conduct by respondent. Pleadings would have to be filed by respondent's District Counsel, and the record is silent as to when respondent's internal jurisdiction passed from the appeals office to District Counsel. The case had not yet been calendared for trial. Petitioners were on notice of respondent's intent to assert an increased deficiency, and so were not prejudiced by the delay. Petitioners, on the other hand, were under no duty to forewarn respondent of their intent to seek entry of decision. They timely served respondent with a copy of their proposed consent, which was all the Court's rules require. The Court granted petitioners' *560 motion ex parte, one week after respondent was served, without knowledge of the error in the statutory notice. The circumstances were called to the Court's attention for the first time by respondent's motion to vacate, which was timely filed. [3]
Under Rule 41, [4] the Court has wide discretion to grant the parties leave to amend their pleadings, and such leave is to be freely given when justice requires. With the Court's permission, amendments may be made as late as the trial itself. In fact, evidence not within the pleadings may be received at trial, where the admission of such evidence would not prejudice a party in maintaining his position on the merits. *561 Here petitioners have no position to maintain on the merits. They have stipulated that the increased deficiency asserted by respondent is correct if the answer is allowed to be amended. The self-employment tax which respondent failed to take into account in his notice of deficiency required only a mechanical mathematical computation to ascertain. Although respondent has the burden of proof as to increases in a deficiency, Rule 142(a), that burden is met here by a simple computation which petitioners do not challenge. Petitioners' reliance on Commissioner v. Long's Estate,304 F.2d 136 (9th Cir. 1962), is misplaced. In that case, respondent took no action from the time his answer was filed in August 1956 until the trial notice was issued in August 1960, a period of four years. Then he wrote a letter to the taxpayer advising that, depending on information which might be adduced in a related state case, the deficiency might be increased or decreased. After the taxpayer filed a consent to the entry of decision on October 11, 1960, and an order to show cause was issued by the Court, respondent sought leave to amend his pleadings, increasing the deficiency from *562 $2,000 to $48,000 in each of these cases. After a hearing, the Court denied respondent's motion and entered decision for the Commissioner in the amount claimed in the notice of deficiency. Respondent's subsequent motions to vacate were denied. The Court of Appeals affirmed, holding that the Tax Court acted within its discretion under the factual circumstances which were before it. The circumstances before us are entirely different. Here, respondent through his appeals office conferred with petitioner soon after the case was at issue. When respondent discovered his mistake, he promptly notified petitioner of the exact amount of the increased deficiency and the precise reasons for it. Unlike the circumstances in Long's Estate, here the decision was entered, vacated, and the answer amended, all before a notice setting trial was issued. Furthermore, in Long's Estate the Court issued an order to show cause and held a hearing, so that respondent had an opportunity to place all of the facts and circumstances before the Court. Here, the Court acted ex parte without knowledge of all the circumstances. In Long's Estate the Commissioner never did present adequate allegations *563 of fact to justify the claim for an increased deficiency. Here the allegation that self-employment tax was omitted, and the amount of the increased deficiency, are clear and undisputed. Respondent's allegations were clearly spelled out in his motion to vacate, and in the amendment to answer lodged with the Court with respondent's motion for leave to file amendment to answer. Petitioners' claim that respondent's motion failed to state sufficient reasons for the amendment is not well taken. Accordingly, we are not disposed to change our views. In accordance with the stipulation of the parties, petitioners are liable for a deficiency in income tax for 1980 in the amount of $9,988.71. Decision will be entered for the respondent.
Footnotes
*. By order of the Chief Judge, this case was reassigned to Judge Parr↩ for decision and opinion.
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the relevant years, and all Rule references are to the Rules of Practice and Procedure of this Court.↩
2. Reference is to the Code of Federal Regulations, 26 CFR, Part 601↩, Statement of Procedural Rules.
3. Rule 162 provides: Any motion to vacate or revise a decision, with or without a new or further trial, shall be filed within 30 days after the decision has been entered, unless the Court shall otherwise permit.↩
4. Rule 41 provides: (a) Amendments: A party may amend his pleading once as a matter of course at any time before a responsive pleading is served. If the pleading is one to which no responsive pleading is permitted and the case has not been placed on a trial calendar, he may so amend it at any time within 30 days after it is served. Otherwise a party may amend his pleading only by leave of Court or by written consent of the adverse party; and leave shall be given freely when justice so requires. * * * A motion for leave to amend a pleading shall state the reasons for the amendment and shall be accompanied by the proposed amendment. * * * (b) Amendments to Conform to the Evidence: * * * (2) Other Evidence: If evidence is objected to at the trial on the ground that it is not within the issues raised by pleadings, the Court may receive the evidence and at any time allow the pleadings to be amended to conform to the proof, and shall do so freely when justice so requires and the objecting party fails to satisfy the Court that the admission of such evidence would prejudice him in maintaining his position on the merits.
(3) Filing: The amendment or amended pleadings permitted under this paragraph (b) shall be filed with the Court at the trial↩ or shall be filed with the Clerk at Washington, D.C., within such time as the Court may fix. (Emphasis added.)